**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 09-43970-ABG |
| | § | |
| GEORGIA LOUISE JOHNSON | § | |
| | § | |
| | § | |
| | § | |
| Debtor | § | |

**TRUSTEE'S FINAL REPORT**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/19/2009.  The undersigned trustee was appointed on 11/19/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                                $7,541.81

    Funds were disbursed in the following amounts:

    | | |
    |---|---|
    | Payments made under an interim distribution | $0.00 |
    | Administrative expenses | $0.00 |
    | Other Payments to creditors | $0.00 |
    | Non-estate funds paid to 3rd Parties | $0.00 |
    | Exemptions paid to the debtor | $888.16 |
    | Other payments to the debtor | $0.00 |
    | Leaving a balance on hand of[1] | $6,653.65 |

    The remaining funds are available for distribution.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rate to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 08/11/2010 and the deadline for filing government claims was 08/11/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,415.34. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,415.34, for a total compensation of $1,415.34[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $66.56, for total expenses of $66.56.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/23/2011                              By:   /s/ David P. Leibowitz
                                                    Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher that the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | | | | |
|---|---|---|---|---|
| **Case No.:** | 09-43970-ABG | | **Trustee Name:** | David Leibowitz |
| **Case Name:** | JOHNSON, GEORGIA LOUISE | | **Date Filed (f) or Converted (c):** | 11/19/2009 (f) |
| **For the Period Ending:** | 2/23/2011 | | **§341(a) Meeting Date:** | 12/28/2009 |
| | | | **Claims Bar Date:** | 08/11/2010 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. DA=§ 554(c) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |
| **Ref. #** | | | | | |
| 1  Condo, Location: 4800 S. Chicago Beach Drive, Un | $65,000.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 2  Single Family Home 12038 S. Wallace, Chicago, IL | $31,512.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 3  Cash | $25.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 4  Checking Account - Chase Bank | $50.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 5  Savings Account - Chase Bank | $50.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 6  Household Goods - Living Room, Bedroom, Dining R | $700.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 7  Collectibles | $50.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 8  Used Clohing | $100.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 9  2002 Oldsmobile Alero - 28,000 Miles | $3,787.00 | $0.00 | DA | $0.00 | FA |
| **Asset Notes:** ASSET NOT ADMINISTERED BY THE BANKRUPTCY TRUSTEE. Orig. Asset Memo: Imported from original petition Doc# 1 | | | | | |
| 10  Tax Refund        (u) | $0.00 | $7,539.00 | DA | $7,539.00 | FA |
| INT  Interest Earned  (u) | Unknown | Unknown | | $2.81 | Unknown |

**TOTALS (Excluding unknown value)**                      **Gross Value of Remaining Assets**

$101,274.00      $7,539.00             $7,541.81      $0.00

---

**Major Activities affecting case closing:**
TFR in Progress
TFR Completed for Trustee's review

| | | |
|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | 05/05/2011 | /s/ DAVID LEIBOWITZ |
| **Current Projected Date Of Final Report (TFR):** | 05/05/2011 | DAVID LEIBOWITZ |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| **Case No.** | 09-43970-ABG | **Trustee Name:** David Leibowitz |
| **Case Name:** | JOHNSON, GEORGIA LOUISE | **Bank Name:** The Bank of New York Mellon |
| **Primary Taxpayer ID #:** | ******0938 | **Money Market Acct #:** ******4565 |
| **Co-Debtor Taxpayer ID #:** | | **Account Title:** Money Market Account |
| **For Period Beginning:** | 11/19/2009 | **Blanket bond (per case limit):** $5,000,000.00 |
| **For Period Ending:** | 2/23/2011 | **Separate bond (if applicable):** |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/07/2010 | (10) | United States Treasury | Tax Refund check | 1224-000 | $7,539.00 | | $7,539.00 |
| 05/14/2010 | 1001 | Georgia Louise Johnson | Portion entitled from 2009 tax refund | 8500-002 | | $888.16 | $6,650.84 |
| 05/28/2010 | (INT) | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | $0.31 | | $6,651.15 |
| 06/25/2010 | (INT) | Bank of New York Mellon | Interest | 1270-000 | $0.32 | | $6,651.47 |
| 06/29/2010 | | Sterling Bank | Transfer Funds | 9999-000 | | $6,651.47 | $0.00 |
| 09/30/2010 | (INT) | Bank of New York Mellon | Mis. earned interest given to account from Bank of New York Mellon (non on bank statements) | 1270-000 | $0.17 | | $0.17 |
| 09/30/2010 | | Bank of New York Mellon | Bank of New York Mellon had Money in Byrd's Case 08-15662 (bank Statements only ) Money sent to Sterling Bank to Johson's Case - | 9999-000 | | $888.33 | ($888.16) |
| 09/30/2010 | 1001 | VOID: Georgia Louise Johnson | | 8500-003 | | ($888.16) | $0.00 |
| | | | **TOTALS:** | | $7,539.80 | $7,539.80 | $0.00 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $7,539.80 | |
| | | | **Subtotal** | | $7,539.80 | $0.00 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $7,539.80 | $0.00 | |

| **For the period of 11/19/2009 to 2/23/2011** | | **For the entire history of the account between 05/07/2010 to 2/23/2011** | |
|---|---|---|---|
| Total Compensable Receipts: | $7,539.80 | Total Compensable Receipts: | $7,539.80 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $7,539.80 | Total Comp/Non Comp Receipts: | $7,539.80 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $7,539.80 | Total Internal/Transfer Disbursements: | $7,539.80 |

| Case No. | 09-43970-ABG | | Trustee Name: | David Leibowitz |
|---|---|---|---|---|
| Case Name: | JOHNSON, GEORGIA LOUISE | | Bank Name: | Sterling Bank |
| Primary Taxpayer ID #: | ******0938 | | Money Market Acct #: | ******3970 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | MMA |
| For Period Beginning: | 11/19/2009 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/23/2011 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/29/2010 | | Bank of New York Mellon | Transfer Funds | 9999-000 | $6,651.47 | | $6,651.47 |
| 06/30/2010 | (INT) | Sterling Bank | Interest Earned For June | 1270-000 | $0.05 | | $6,651.52 |
| 07/30/2010 | (INT) | Sterling Bank | Interest Earned For July | 1270-000 | $0.28 | | $6,651.80 |
| 08/31/2010 | (INT) | Sterling Bank | Interest Earned For August | 1270-000 | $0.28 | | $6,652.08 |
| 09/30/2010 | | Bank of New York Mellon | Money hold in the wrong estate account at conversation time - (Check issued to debtor was returned as the estate's accout had no funds) Money sent by Bank of New York Mellon | 9999-000 | $888.33 | | $7,540.41 |
| 09/30/2010 | (INT) | Sterling Bank | Interest Earned For September | 1270-000 | $0.28 | | $7,540.69 |
| 09/30/2010 | 3000 | Georgia Louise Johnson | Re-Issued Check for entitled Portions of Tax Refund - | 8100-002 | | $888.16 | $6,652.53 |
| 10/29/2010 | (INT) | Sterling Bank | Interest Earned For October | 1270-000 | $0.29 | | $6,652.82 |
| 11/30/2010 | (INT) | Sterling Bank | Interest Earned For November | 1270-000 | $0.27 | | $6,653.09 |
| 12/31/2010 | (INT) | Sterling Bank | Interest Earned For December | 1270-000 | $0.28 | | $6,653.37 |
| 01/31/2011 | (INT) | Sterling Bank | Interest Earned For January | 1270-000 | $0.28 | | $6,653.65 |
| | | | **TOTALS:** | | $7,541.81 | $888.16 | $6,653.65 |
| | | | **Less: Bank transfers/CDs** | | $7,539.80 | $0.00 | |
| | | | **Subtotal** | | $2.01 | $888.16 | |
| | | | **Less: Payments to debtors** | | $0.00 | $888.16 | |
| | | | **Net** | | $2.01 | $0.00 | |

| For the period of 11/19/2009 to 2/23/2011 | | For the entire history of the account between 06/25/2010 to 2/23/2011 | |
|---|---|---|---|
| Total Compensable Receipts: | $2.01 | Total Compensable Receipts: | $2.01 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $2.01 | Total Comp/Non Comp Receipts: | $2.01 |
| Total Internal/Transfer Receipts: | $7,539.80 | Total Internal/Transfer Receipts: | $7,539.80 |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $888.16 | Total Non-Compensable Disbursements: | $888.16 |
| Total Comp/Non Comp Disbursements: | $888.16 | Total Comp/Non Comp Disbursements: | $888.16 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page No: 3
Exhibit B

| | | |
|---|---|---|
| **Case No.** | 09-43970-ABG | |
| **Case Name:** | JOHNSON, GEORGIA LOUISE | |
| **Primary Taxpayer ID #:** | ******0938 | |
| **Co-Debtor Taxpayer ID #:** | | |
| **For Period Beginning:** | 11/19/2009 | |
| **For Period Ending:** | 2/23/2011 | |

| | |
|---|---|
| **Trustee Name:** | David Leibowitz |
| **Bank Name:** | Sterling Bank |
| **Money Market Acct #:** | ******3970 |
| **Account Title:** | MMA |
| **Blanket bond (per case limit):** | $5,000,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Transaction Date** | **Check / Ref. #** | **Paid to/ Received From** | **Description of Transaction** | **Uniform Tran Code** | **Deposit $** | **Disbursement $** | **Balance** |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|
| | $7,541.81 | $888.16 | $6,653.65 |

| For the period of 11/19/2009 to 2/23/2011 | | For the entire history of the case between 11/19/2009 to 2/23/2011 | |
|---|---|---|---|
| Total Compensable Receipts: | $7,541.81 | Total Compensable Receipts: | $7,541.81 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $7,541.81 | Total Comp/Non Comp Receipts: | $7,541.81 |
| Total Internal/Transfer Receipts: | $7,539.80 | Total Internal/Transfer Receipts: | $7,539.80 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $888.16 | Total Non-Compensable Disbursements: | $888.16 |
| Total Comp/Non Comp Disbursements: | $888.16 | Total Comp/Non Comp Disbursements: | $888.16 |
| Total Internal/Transfer Disbursements: | $7,539.80 | Total Internal/Transfer Disbursements: | $7,539.80 |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No.:      09-43970-ABG
Case Name:     GEORGIA LOUISE JOHNSON
Trustee Name:  David P. Leibowitz

      Balance on hand:      $6,653.65

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|---|
| 2 | CITIFINANCIAL AUTO CREDIT, INC. | $6,029.28 | $0.00 | $0.00 | $0.00 |

      Total to be paid to secured creditors:      $0.00
      Remaining balance:      $6,653.65

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| David P. Leibowitz, Trustee Fees | $1,415.34 | $0.00 | $1,415.34 |
| David P. Leibowitz, Trustee Expenses | $66.56 | $0.00 | $66.56 |

      Total to be paid for chapter 7 administrative expenses:      $1,481.90
      Remaining balance:      $5,171.75

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

      Total to be paid to prior chapter administrative expenses:      $0.00
      Remaining balance:      $5,171.75

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

|                                      |           |
| ------------------------------------ | --------- |
| Total to be paid to priority claims: | $0.00     |
| Remaining balance:                   | $5,171.75 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $15,996.12 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 32.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
| --- | --- | --- | --- | --- |
| 1 | American Infosource Lp As Agent for | $3,122.09 | $0.00 | $1,009.41 |
| 3 | American General Finance | $1,954.70 | $0.00 | $631.98 |
| 4 | American General Finance | $10,919.33 | $0.00 | $3,530.36 |

|                                                       |           |
| ----------------------------------------------------- | --------- |
| Total to be paid to timely general unsecured claims:  | $5,171.75 |
| Remaining balance:                                    | $0.00     |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|                                                            |       |
| ---------------------------------------------------------- | ----- |
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance:                                         | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|                                             |       |
| ------------------------------------------- | ----- |
| Total to be paid for subordinated claims:   | $0.00 |
| Remaining balance:                          | $0.00 |